BEATRICE BROWN v. THE STATE.

No. 14780.  Delivered January 20, 1932,

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to disfig-- ure, as defined in article 1159, Penal Code; the punishment, a fine of $100.

It was charged in the indictment, in substance, that appellant, with intent to commit the offense of disfiguring, wilfully and maliciously attempted to disfigure one Levenia Mills by wilfully and maliciously throwing carbolic acid into and upon the face and neck of said Levenia. Mills. The offense charged is a felony. The testimony of the state was,. in substance, as follows: I. C. Clements was in jail. The injured party and Jude Clements, the mother of I. C. Clements, were on the way to. the jail to carry him some food. The injured party had possession of some linen that belonged to Clements, which she apparently was holding for him. Before the parties reached the jail appellant met them. A dispute came up relative to the linen. A difficulty ensued. According to. the state's testimony, appellant threw some carbolic acid on the injured party, as a result of which she experienced some pain, and consulted a physician. The nature of the injury was not described, except that the injured party, in referring to the carbolic acid, said: "That is what made that discoloration here." Again, touching the nature of the injury,. an officer testified that when he approached the scene of the difficulty, the injured party appeared to be suffering and that he thought she was. going to faint.

Appellant testified that she had purchased the carbolic acid for use· in a douche to be used as a disinfectant on her person. She denied that she threw the carbolic acid on the injured party and stated that she· threw the entire bottle at her in order to prevent the injured party from. cutting her with a razor. She said the cork came out of the bottle.

The testimony of the state was to the effect that the acid was in a cup.

We deem the evidence insufficient to support the conviction. The doctor who treated the injured party did not describe the nature of the injury. There is nothing in the record to show that the injured party was in any manner disfigured. If the carbolic acid was in diluted form to be used on the person it could not have disfigured the injured party. Although the record shows that the acid was purchased from a named drug store in the town of Coleman, the state made no effort to show whether it was in a crude state, or capable of disfiguring when thrown on the body of a person. As heretofore stated, the state failed to call the doctor who treated the injured party. The opinion of the officer that the injured party seemed to be suffering is not alone sufficient to establish the fact that the carbolic acid used by appellant would naturally have the effect to disfigure.

It appears to be the rule that in charging the offense of assault with intent to disfigure, the means used must be such as would naturally have that effect. Ruling Case Law, vol. 8, sec. 330, page 305; Dahlberg v. People, 225 Ill., 485, 80 N. E., 310. The nature of the means used in charging an intent to disfigure would appear to be important as bearing on the question of intent. There being no evidence that the injured party was disfigured, in the absence of proof that the carbolic acid in appellant's possession was such as would naturally have the effect of disfiguring when thrown on a person, the opinion is expressed that the state failed to show an intent on the part of appellant to commit the offense for which she was convicted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.